IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SASS,                     )<br>            Petitioner,          )<br>                                 )<br>     v.                          )<br>                                 )<br>                                 )<br>M.C. KRAMER, Warden, et al.      )<br>            Respondent.          ) | CASE NO.    CIV S-07-1603 BJR<br><br>ORDER GRANTING REQUEST FOR<br>CERTIFICATE OF APPEALABILITY |

## I.    INTRODUCTION

This matter comes before the court on Petitioner's Request for a Certificate of Appealability. (Dkt. No. 31.) The court hereby GRANTS the request, for the reasons described below.

## II.    PRODECURAL HISTORY

Petitioner is a California state prisoner who is serving a sentence of fifteen-years-to-life imprisonment in the California Department of Corrections imposed following his 1988 conviction for second degree murder. Petitioner became eligible for parole on September 27, 1997; he has been denied parole a total of six times since then. Petitioner filed a petition for a writ of habeas corpus on August 8, 2007, challenging the results of the 2006 parole proceeding. (Dkt. No. 1.) The petition was stayed on December 12, 2008 pending the Ninth Circuit's

1

decision in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). (Dkt. No. 24.) The stay was lifted on June 16, 2010 (Dkt. No. 26) and the petition was denied on August 8, 2010. (Dkt. No. 28.) Petitioner filed the present request for a certificate of appealability on September 7, 2010. (Dkt. No. 31.)

### III.   DISCUSSION

A certificate of appealability is required to appeal "the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court." *See Wilson v. Bellequ*, 554 F.3d 816, 824 (9th Cir. 2009). A district court may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Belleque*, 554 F.3d at 825–26. The certificate-of-appealability requirement "constitutes a gatekeeping mechanism that prevents [federal courts] from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade [courts] through briefing and argument of the potential merit of issues that may appear, at first glance, to lack merit." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000). However, "[t]he standard for a certificate of appealability is lenient." *Hayward*, 603 F.3d at 553. A petitioner need only "show that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id*. (*internal quotations omitte*d). *See also Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

In the present motion, Petitioner argues that the Board relied solely on "the 'egregious nature' of the commitment offense and disciplinary problems long past or not relevant" to justify its decision to deny him parole. (Dkt. No. 31 at 9.) Petitioner claims that relying on these immutable factors is a denial of his due process rights. *Id*. at 10. Petitioner mischaracterizes the

Board's 2006 parole hearing findings. In that decision, the Board cited the contents of a letter that was submitted to the Board in 2002 as a basis for denying parole.[1] The Board indicated that it felt that the letter demonstrated that Petitioner had not fully accepted responsibility for his crime, and thereby, posed a future risk of dangerousness to society. Accordingly this court held that the California judicial decisions approving the Board's 2006 determination were not an "unreasonable application" of the California "some evidence" requirement, nor based on an "unreasonable determination of the facts in light of the evidence." *See In re Lawrence*, 44 Cal.4th 1181, 1214 (stating that the prisoner's aggravated offense does not establish current dangerousness "unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state supports the inference of dangerousness").

Nevertheless, Petitioner has made a substantial showing of the denial of a constitutional right, namely whether the Board's denial of parole was improper in relying on the contents of a letter that was written on Petitioner's behalf by a "jailhouse lawyer," was submitted four years prior to the 2006 hearing, and the contents of which Petitioner specifically disavowed. Jurists of reason could conclude that this issue is adequate to deserve encouragement to proceed further. *See Miller-El*, 537 U.S. at 327.

## IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that a certificate of appealability

---

[1] Petitioner claims that he did not write the letter, rather a "jailhouse lawyer" wrote the letter for him and submitted it on his behalf. *See* Dkt. No. 1, Exhibit B at 49. He acknowledges that he used poor judgment in submitting the letter and stated that the content of the letter does not "accurately describe [his] rehabilitation that [he has] gotten from all those self-help programs, and how [he] really feels about what [he] did to the victim and her family." *Id*. at 46.

3

is issued in the present action.

DATED this 6th day of October, 2010.

/s/ Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge